### STAMFORD FOUNDRY CO. v. THATCHER FURNACE CO.

(District Court, S. D. New York. · October 24, 1912.)

TRADE-MARKS AND TRADE-NAMES (§ 59*)—INFRINGEMENT—"SHIPMATE."

Complainant, having for many years manufactured a ship galley stove under the name "Shipmate," which had been sold through defendant, terminated defendant's agency, after which defendant manufactured a substantially similar stove, sold for the same purpose, under the name "Messmate." *Held*, that the defendant's word constituted an infringement of complainant's trade-mark, against which complainant was entitled to an injunction pendente lite.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68–72; Dec. Dig. § 59.*]

In Equity. Suit by the Stamford Foundry Company against the Thatcher Furnace Company. On application for a preliminary injunction. Granted.

William T. Andrews, of Stamford, Conn., and Augustus T. Gurlitz, of New York City, for complainant.

William R. Davis, of New York City, for defendant.

HAND, District Judge. In 1910 the complainant terminated the exclusive selling agency of the defendant, as it might properly do. Thereafter for 18 months the defendant continued selling the stoves on the same terms as other local agents. Thereupon dissatisfied with these arrangements, the defendant began to make a ship stove of the same size, of the same appearance, and for the same special use as the complainant's, merely changing the old and perfectly well established trade-mark, "Shipmate" to "Messmate." Of course, the imitation is not exact; it never is in such cases. The details of the stove have been varied in trifling regards, and the maker's name has been put on the hearth. All that is almost a convention, when you appropriate another man's mark; for there must be some color of good faith, some defense to put forward. Minor differences are supposed to help over hard places. Here the words are quite the same in suggestion, when applied to the galley stove of a ship. Each means that the stove is the crew's companion. It is fatuous to distinguish between the mess and the ship in this connection. In sound, too, though I should not think that essential, the two are quite near enough to confuse. It is impossible to mistake the defendant's purpose, the very ancient desire to trade on another man's name and reputation. The unctuous disclaimers in the affidavits are an added indication to those familiar of how true the case is to type.

A writ pendente lite will go against any use of "Messmate." The complainant will not care, I assume, to press the point of unfair trade, which is not so clear.