### R. H. MACY & CO. v. NEW YORK GROCERY CO.

(Court of Appeals of District of Columbia. Submitted May 17, 1920. Decided June 2, 1920.)

No. 1317.

Trade-marks and trade-names ⬅21—Trade-mark "White Lily," for coffee, canceled on petition of one using mark "Lily White" for tea.

One using "Lily White" as a trade-mark for tea and a large line of groceries was entitled to cancellation of a trade-mark "White Lily," used by defendant for coffee; tea and coffee being used for the same purpose, and the marks being so similar as to be likely to lead to confusion.

Smyth, Chief Justice, dissenting.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Commissioner of Patents.

Proceeding by R. H. Macy & Co. against the New York Grocery Company for the cancellation of a trade-mark. Decision for defendant, and plaintiffs appeal. Reversed.

E. W. Bradford, of Washington, D. C., for appellants.

Benj. P. Fishburne, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This is an appeal from the decision of the Commissioner of Patents, denying the petition of appellants for cancellation of the trade-mark "White Lily" for coffee, registered by appellee company September 18, 1917. Appellants have used "Lily White" as a trade-mark for tea and a large line of groceries since 1895.

The marks are so similar as to be likely to lead to confusion, and the goods, while different in themselves, are used for the same purpose. The case must therefore be reversed, upon the authority of Walter Baker & Co. v. Harrison, 32 App. D. C. 272.

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required.

Reversed.

SMYTH, Chief Justice (dissenting). The single question in this case, as I view it, is whether coffee and tea possess the same descriptive properties. Both tribunals of the Patent Office held that they did not. If Macy & Co. had originated the mark, they undoubtedly would be entitled to the exclusive use of it, because tea and coffee belong to the same general class; but they did not originate it, and therefore, to succeed, they must establish that the articles possess the same descriptive properties. The mere fact that confusion might result, or that the goods are used for the same purpose, is immaterial under the statute. It is only when the marks are "appropriated to merchandise of the same descriptive properties" that the matter of probable confusion becomes important. If the fact that they are used for the same purpose is controlling, then the mark could be extended to milk, or lemonade, or even wine and beer, if they were still on the market. They, as coffee and tea, are beverages. Besides, the statute says nothing about the use to which articles are put, and the court should follow the statute.

Tea, as it appears in the container to which the mark is applied, is a dried, rolled leaf. Coffee is a dried seed or berry. The appearance, taste, and odor of the articles are markedly different. Tea is strongly astringent; coffee is not. The properties by which the one may be described are not the same as those by which the other may be identified. The fact that, in the Walter Baker Co. Case, 32 App. D. C. 272, it was held that cocoa and coffee possessed like descriptive properties, does not establish that tea and coffee do.

I think the Patent Office was right, and hence I dissent.