### In re INDERRIEDEN CANNING CO.

(Court of Appeals of District of Columbia. Submitted November 18, 1921. Decided January 3, 1922.)

### No. 1445.

1. **Trade-marks and trade-names and unfair competition ⬷43—Canned pine-apple has same descriptive properties as canned peas or corn.**

    Within Act Feb. 20, 1905, § 5 (Comp. St. § 9490), prohibiting the registration of trade-marks identical with a registered trade-mark used by another on merchandise of the same descriptive properties, or so nearly resembling it as to cause confusion or deceive purchasers, canned pine-apple has the same descriptive properties as canned peas and corn, and a trade-mark used on canned peas or corn cannot be registered by another for use on canned pineapple.

2. **Trade-marks and trade-names and unfair competition ⬷43—Confusion to purchasers relying on first impression defeats trade-mark.**

    Where there is such a resemblance between trade-marks that confusion would result in the case of a purchaser relying on his first impression, registration should be denied, though there would be no confusion if the purchaser made a careful examination of all that appeared on the containers of the goods.

3. **Trade-marks and trade-names and unfair competition ⬷43—That goods are put up at distant points does not justify similarity in trade-mark sought to be registered.**

    That the goods of the owner of a registered trade-mark are put up in Hawaii, while those of one applying for registration of a similar trade-mark are put up in Chicago, is immaterial, as the goods of both might come into the same market, and be handled by the same jobber or retail grocer.

Appeal from a Decision of the Commissioner of Patents.

Application by the Inderrieden Canning Company for registration of a trade-mark. From a decision denying registration, the applicant appeals. Affirmed.

---

⬷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. E. Wallace, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

SMYTH, Chief Justice. The application of Inderrieden Canning Company for registration of the words "Peter-Pan," together with a representation of that character as a trade-mark for canned peas and canned corn, was rejected in view of the prior registration for Davis & Co., of the same mark for canned pineapple, and the Canning Company appeals. The ground of the rejection was that the goods to which these marks are applied are of the same descriptive properties.

[1] It is not easy to define with exactness the phrase "same descriptive properties," as used in the statute. 33 Stat. 725, § 5 (Comp. St. § 9490). If we consider pineapple, corn, and peas in their original state, we cannot say with correctness that the qualities by which they may be described are the same. We are not, however, dealing with them in that state, but as canned articles. As such they have been passed through a process which gives them certain properties in common. After this has been done, it is usual and proper to refer to them by the same descriptive term, namely, canned goods. Where a trade-mark is applied to them, they are known to the public as canned goods of the variety indicated by the mark. For years it has been the practice in the Patent Office to treat canned fruits and canned vegetables as goods of the same descriptive qualities. And it has been ruled by this court that coffee has the same descriptive qualities as tea, cocoa as coffee, pancake flour as corn meal. Macy & Co. v. New York Grocery Co., 50 App. D. C. 105, 267 Fed. 749; Baker & Co., Ltd., v. Harrison, 32 App. D. C. 272; Williams v. Kern & Sons, 47 App. D. C. 441.

[2] Of course, as counsel for the Commissioner says, it is not conceivable that the mark would lead any one to make the mistake of purchasing canned pineapple, when he intended to purchase canned corn or canned peas; but if he liked pineapple of the "Peter-Pan" brand, and desired to purchase canned peas or canned corn, he would be likely to select the peas or corn offered in containers bearing the "Peter-Pan" mark, because he would assume that it was put out by the concern which canned the pineapple. Undoubtedly, if he made a careful examination of all that appeared on the containers, he might not be confused; but a purchaser is not required to do this. Patton Paint Co. v. Orr Zinc White, Ltd., 48 App. D. C. 221. He may rely on his first impression, and, if he does so, the confusion which the statute is designed to guard against would be likely to result.

[3] The goods of the owner of the registered trade-mark are put up in Hawaii, while those of the applicant are canned in Chicago. But this is immaterial. It has no tendency to establish, in a commercial age like the present, which has practically annihilated distance, that the goods of both would not come into the same market, and be handled by the same jobber or retail grocer. It might be of importance in an infringement suit (United Drug Co. v. Rectanus Co., 248 U. S. 90, 39 Sup. Ct. 48, 63 L. Ed. 141), but not in a proceeding of this character.

We think the goods possess the same descriptive properties, and that

the mark, if registered, would be likely to cause confusion in the minds of prospective purchasers. We therefore affirm the decision of the Commissioner.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice VAN ORSDEL in the hearing and determination of this appeal.