## E-Z WAIST CO. v. RELIANCE MFG. CO.

(Court of Appeals of District of Columbia. Submitted. Decided February 5, 1923.)

No. 1534.

1. **Trade-marks and trade-names and unfair competition ⬡➔43—Marks not distinguishing goods cannot be registered.**

Trade-Mark Act, § 5 (Comp. St. § 9490), stating that no mark by which the goods of the owner may be distinguished from other goods of the same class shall be refused registration, means that a mark by which the goods of the owner may not be distinguished from other goods of the same class shall not be registered.

2. **Trade-marks and trade-names and unfair competition ⬡➔43—Work shirts possess same descriptive properties as children's waists and other garments.**

Work shirts belong to the same class and possess the same descriptive properties as children's waists, union suits, sleeping garments, etc., and the manufacture of such shirts would come within the natural development of the business of manufacturing the other garments, so that a trade-mark deceptively similar to that used for the children's garments cannot be registered by another manufacturer for work shirts.

⬡➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Trade-marks and trade-names and unfair competition ☞43—Business of owner not embarrassed in extension by registration of mark to another.**

The owner of a trade-mark will not be hampered or embarrassed in the legitimate extension of his business by the registration of the mark to another.

**4. Trade-marks and trade-names and unfair competition ☞43—Test of acceptance of one kind of goods for another not always satisfactory.**

Though in some cases the test for determining the right to registration of trade-mark is whether the use of the same mark by different parties would be likely to induce the intending purchaser to accept goods of one kind when he desired those of another, that test is not satisfactory in all cases, and does not permit registration where the purchaser would not be misled as to the particular article he was getting, but would be misled into believing that the article was the product of the prior owner of a similar trade-mark.

**5. Trade-marks and trade-names and unfair competition ☞43—Doubt as to confusion resolved in favor of opposer.**

If there is doubt whether the registration of a trade-mark would cause confusion with a prior trade-mark, the doubt must be resolved against the newcomer, who had the entire field in which to select a trade-mark, so that there was no excuse for his closely approaching the mark of a business rival.

Appeal from the Commissioner of Patents.

Application by the Reliance Manufacturing Company for registration of a trade-mark, opposed by the E–Z Waist Company. Application granted, and opposer appeals. Reversed.

J. W. Milburn, of Washington, D. C., for appellant.
Earl F. Pierce, of Chicago, Ill., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. The Reliance Manufacturing Company sought registration of the trade-mark "E–Z–ON" for work shirts. Opposition was interposed by the E–Z Waist Company as the owner and user of the registered trade-mark "E–Z," applied by it to children's knitted waists, knitted and nainsook union suits, and sleeping garments, on the ground that the goods of both parties were of the same class, and that because of this the registration of the mark to the Manufacturing Company would be likely to lead to confusion. Applicant claims use of the mark since November 14, 1916, while the opposer's date is as far back as 1895. The opposer, therefore, is entitled to priority. It is admitted by the applicant that its mark and that of the opposer so nearly resemble each other that, if used on goods of the same descriptive properties, confusion might result; but it insists that work shirts, to which the one is applied, do not belong to the same class of goods as those upon which the other is used. The two tribunals of the Patent Office united in holding that the opposition was not well founded, and that the application for registration should be granted.

[1] Section 5 of the Trade-Mark Act (33 Stat. 725; Comp. St. § 9490), says that no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration, except in certain cases which are immaterial here.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This means that a mark by which the goods of the owner may not be distinguished from other goods of the same class shall not be registered. If the marks before us so nearly resemble each other that the mark of the applicant would not distinguish its goods from those of the opposer, it should not be registered.

[2, 3] The opposer is the pioneer user of the mark. We think manufacture of work shirts would come within the natural development of its business as a maker of children's waists, union suits, sleeping garments, etc. The goods belong to the same class and possess the same descriptive properties. We have said that the owner of a trade-mark will not be hampered or embarrassed in the legitimate extension of his business by the registration of the mark to another. Canton Culvert & Silo Co. v. Consolidated Car-Heating Co., 44 App. D. C. 491. In another case Mr. Justice Van Orsdel, speaking for this court, declared that the word "class," as used in the statute, means broadly a genus including as species any goods upon which the use of the same mark, when the goods are exposed side by side, would tend to mislead the purchasing public. The goods of the contending parties in that case were knitted and textile undershirts, drawers, and union suits on the one hand, and men's, women's, and children's stockings on the other. It was held that they possessed the same descriptive properties, and registration of the mark to the last comer was denied. N. Wolf & Sons v. Lord & Taylor, 41 App. D. C. 514. This decision followed Church & D. Co. v. Russ (C. C.) 99 Fed. 276, where it was held to be a recognized rule that different species of goods are of the same class when a certain trade-mark used on them would enable an unscrupulous dealer to palm off on an unsuspecting purchaser the goods of one make when he supposed he was receiving the goods of another. If a person familiar with the goods of the opposer in this case desired to purchase work shirts and was offered some bearing the mark "E-Z-ON" he would likely be led to believe that they were produced by the opposer. Another authority bearing on the point is Collins Co. v. Oliver Ames & Sons (C. C.) 18 Fed. 561.

[4] Appellee has brought to our attention decisions wherein it was held that confusion would not result from the use of the same mark by different parties if the effect would not be to induce the intending purchaser to accept goods of one kind when he desired those of another; as, for instance, to accept tea when he desired coffee. While this test may be satisfactory in some cases it is not in all. It is not likely that a person desiring a child's sleeping garment would accept a work shirt in its stead, but he might be deceived into believing that the sleeping garment was produced by the same concern as that which put out the work shirt, because of the similarity of the marks. The purpose of the trade-mark act is to prevent fraud and mistake. That purpose would not be served if we permitted this mark to be registered by the applicant.

[5] If it be said that it is not clear that confusion or mistake would result from the registration of the mark, we answer that it is not necessary that it should be in order that registration may be denied. If we doubt upon the subject, the doubt must be resolved against the new-

comer. The reason for this is that the field from which a person may select a trade-mark is practically unlimited, and hence there is no excuse for his impinging upon, or even closely approaching, the mark of his business rival. Waltke & Co. v. Geo. H. Schafer & Co., 49 App. D. C. 254, 263 Fed. 650.

We think, therefore, that the opposition should have been sustained, and consequently the decision of the Commissioner is reversed.

Reversed.