E. A. ZATARAIN & SONS, Inc., v. OHIO SALT CO.

(Court of Appeals of District of Columbia. Submitted November 11, 1925. Decided December 7, 1925. Motion for Rehearing Denied December 24, 1925.)

No. 1769.

Trade-marks and trade-names and unfair competition ⊙=45—Registration of trade-mark for use on various condiments held to preclude registration of same mark for use on salt.

Registration of trade-mark "Pappoose" for use on condiments, including pepper sauce, table sauce, mustard, catsup, cayenne pepper, and the like, *held* to preclude another's registration of same mark for use on salt.

Appeal from Commissioner of Patents.

Proceeding for registration of trade-mark by the Ohio Salt Company, opposed by E. A. Zatarain & Sons, Inc. From a decision of Commissioner of Patents, dismissing opposition and granting registration, opposer appeals. Reversed.

E. T. Brandenburg, J. F. Brandenburg, and Lee B. Kemon, all of Washington, D. C., for appellant.

G. W. Saywell, of Cleveland, Ohio, for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of an Assistant Commissioner of Patents in a trade-mark opposition proceeding, in which the decision of the Examiner of Interferences was reversed and the opposition dismissed.

The opposer, appellant here, and its predecessor, long prior to the adoption in 1921 by the applicant, appellee here, of the trade-mark "Pappoose" for use on salt, had built up a very extensive business under the same mark in connection with the sale of various condiments, including pepper sauce, table sauce, mustard, tomato catsup, cayenne pepper, whole and ground pepper, and the like.

The Examiner of Interferences found that salt belongs to that class known generally as condiments; that "it is merely one of a group including pepper, mustard, and spices, which are used for seasoning food." With that postulate, his decision, of course, was against the right of registration by the newcomer. The decisions of this court, upon which he relied, fully sustain his ruling. See Walter Baker & Co. v. Harrison, 32 App. D. C. 272; Simplex Elec. H. Co. v. Gold Car H. & L. Co., 43 App. D. C. 28; Anglo-American I. L. Co. v. Gen. Elec. Co., 43 App. D. C. 385; Fishbeck Soap Co. v. Kleeno Mfg. Co., 44 App. D. C. 6; Canton Culvert & Silo Co. v. Consol. Car-Heat. Co., 44 App. D. C. 491; Gutta-Percha & Rubber Mfg. Co. v. Ajax Mfg. Co., 48 App. D. C. 230; Macy & Co. v. N. Y. Grocery Co., 50 App. D. C. 105, 267 F. 749; Cal. Pkg. Corp. v. Price-Booker Mfg. Co., 52 App. D. C. 259, 285 F. 993; Cal. Pkg. Corp. v. Halferty, 54 App. D. C. 88, 295 F. 229.

The wide reputation established by the opposer furnishes the only apparent excuse for the adoption of this mark by the applicant. Decision reversed.

Reversed.