KUSHNER & GILLMAN, Inc., v. MAY-
FLOWER WORSTED CO.*

(Court of Appeals of District of Columbia.
Submitted January 12, 1926. Decided
March 1, 1926.)

No. 1799.

1. Trade-marks and trade-names and unfair
competition ☞43—Sailing ship and words
"Mayflower Brand" held deceptively similar
to familiar picture of ship Mayflower.

Trade-mark, consisting of sailing ship with
sails spread surmounted by words "Mayflower
Brand," *held* deceptively similar to mark con-
sisting of familiar picture of historic ship
"Mayflower" with sails set.

2. Trade-marks and trade-names and unfair
competition ☞61—Men's clothing held to
possess same descriptive qualities as worsted
piece goods designed for men's clothing as
affecting use of deceptively similar trade-
marks thereon.

Worsted piece goods designed to be used
almost exclusively as material for men's coats
and suits, *held* possessed of same descriptive
qualities as men's coats and suits, as affecting
right of clothing manufacturer to use mark de-
ceptively similar to that used by fabric manu-
facturer.

Appeal from Commissioner of Patents.

Application by Kushner & Gillman, Inc.,
for registration of trade-mark, opposed by
the Mayflower Worsted Company. From a
decision of the Commissioner of Patents, de-
nying application, applicant appeals. Af-
firmed.

J. G. M. Browne, of Brooklyn, N. Y., for
appellant.

W. S. Hodges, of Washington, D. C., and
Morton Collingwood, of Boston, Mass., for
appellee.

Before MARTIN, Chief Justice, ROBB,
Associate Justice, and BLAND, Judge of the
United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an ap-
peal from a decision of the Commissioner of
Patents, sustaining appellee's opposition, and
rejecting appellant's application for the reg-
istration of a trade-mark.

Appellant is a manufacturer of men's
clothing, selling exclusively to the retail
trade. Appellee is a manufacturer of wor-
sted fabrics from which men's clothing is
manufactured, selling only to manufacturers
and jobbers. It does not manufacture cloth-
ing.

Appellant applied for registration of its
trade-mark, consisting of a sailing ship, with
sails spread, surmounted by the words "May-
flower Brand," for men's coats and suits;
the word "brand" being disclaimed apart

*Certiorari denied 46 S. Ct. 488, 70 L. Ed. ——.

from the mark shown. Appellant claimed to
have adopted and continuously used the mark
in its business since July 1, 1922.

Appellee opposed the application setting
up its trade-mark consisting of the familiar
picture of the historic ship "Mayflower,"
with sails set, used upon worsted goods in
the piece as material for the manufacture of
men's clothing; the mark having been regis-
tered on March 28, 1922, and also its trade-
mark consisting of the word "Mayflower"
for use upon worsted goods for men's suit-
ing, registered on March 28, 1922.

The appellee claimed, in effect, that the
mark proposed by appellant for registration
was deceptively similar to appellee's mark,
that appellee's use thereof was the prior one,
that the goods for which the marks were to
be used were of the same descriptive proper-
ties, that appellee had expended large sums
in advertising its mark, and would suffer
great damage if appellant should be granted
the registration applied for. In answer to
this claim the appellant denied that the marks
were deceptively similar, or that the goods
were of the same descriptive properties, and
pleaded laches and estoppel against appel-
lee's claim.

A large amount of testimony was submit-
ted by the respective parties, and upon a
consideration of it the Examiner of Interfer-
ences found that appellee's use of the mark
was prior in point of time to appellant's,
and also that the competing marks were suf-
ficiently similar to be likely to produce con-
fusion in trade if used upon goods of the
same descriptive properties. The Examiner
next found that in fact the appellant's goods,
to wit, men's coats and suits, were of the
same descriptive properties as the appellee's
goods, to wit, worsted goods in the piece as
material for men's clothing, upon the ground
that purchasers of clothing would be likely to
be influenced by the character of the material
composing it, and consequently that identical
trade-marks upon men's suits, and upon
piece goods used in manufacturing such suits,
would likely lead to the belief that the suits
were made of the materials which bore the
same mark. The Examiner did not sustain
the charge of laches or estoppel, and held ac-
cordingly that the opposition should be sus-
tained. This decision was affirmed upon ap-
peal by the Commissioner of Patents.

[1, 2] We agree with the decision of the low-
er tribunals. Where a manufacturer of
worsted piece goods, which are designed to be
used almost exclusively as material for men's
coats and suits, adopts a trade-mark and ad-
vertises it at great expense, it is not permis-

sible afterwards for a manufacturer of such coats and suits to adopt and use the same mark, since the identity of marks in such case would naturally lead the purchasing public to believe that the two classes of articles came from the same source, and that the coats and suits were manufactured from the goods bearing the same trade-mark. The likelihood of damage to the manufacturer of the worsteds in such a case is too obvious to require discussion.

The decision of the Commissioner of Patents is affirmed.