## HAAS BROS. FABRICS CORPORATION v. BLISS, FABYAN & CO.

(Court of Appeals of District of Columbia. Submitted November 8, 1926. Decided December 6, 1926.)

No. 1861.

1. Trade-marks and trade-names and unfair competition ☞43—Trade-mark "Ripleene" held deceptively similar to trade-mark "Ripplette," and registration for use on similar goods unwarranted.

Trade-mark "Ripleene," for use on sheer silk piece goods, *held* so deceptively similar to trade-mark "Ripplette," for use on crinkly seersucker fabrics of cotton or cotton and artificial silk, as to preclude registration.

2. Trade-marks and trade-names and unfair competition ☞43—Sheer silk and cotton and artificial silk held of same descriptive properties as to right to register trade-mark.

Sheer silk piece goods, on which it was proposed to use trade-mark, and cotton and artificial silk goods, particularly crinkly seersucker fabrics, composed of cotton or cotton and artificial silk, *held* goods of same descriptive properties, as affecting right to registration of trade-mark.

Appeal from the Commissioner of Patents.

Proceeding by the Haas Bros. Fabrics Corporation for registration of trade-mark, opposed by Bliss, Fabyan & Co. From a decision of the Commissioner of Patents, sustaining the opposition, applicant appeals. Affirmed.

H. H. Benjamin, of Washington, D. C., and Ira Hirshfield, of New York City, for appellant.

G. P. Dike, of Boston, Mass., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, sustaining an opposition to the registration of a trade-mark.

[1] The opposers, Bliss, Fabyan & Co., are sole distributors for numerous manufacturers of cotton and artificial silk goods. Among these are crinkly seersucker fabrics composed of cotton, or of cotton and artificial silk, used in large part for dresses for women and children. In January, 1910, they adopted the word "Ripplette" as their trademark for goods of various classes, including these, and on March 12, 1910, they obtained a registration thereof in the Patent Office. They have used the mark continuously ever since in the sale of their goods, both in this country and abroad.

On February 6, 1924, the appellant, Haas Bros. Fabrics Corporation, applied for the registration of the word "Ripleene" as a trade-mark for various goods, which have since been limited by applicant to "sheer silk piece goods." In the application use of the mark was claimed since March 7, 1921. The present opposition was then filed, and testimony was taken. The Commissioner of Patents sustained the opposition, whereupon this appeal was taken.

We agree with the decision of the Commissioner. The words in question, to wit, "Ripplette" and "Ripleene," are confusingly similar. As stated by the Commissioner, "the words look alike, sound alike, are of the same length, have the same number of syllables, and have the same suggestive meaning." It is quite certain that marks so nearly identical as these, if applied to goods having the same descriptive properties, would confuse the ordinary purchasing public as to the origin of the goods, and lead to injustice as between the parties.

In Goodrich Drug Co. v. Cassada Manufacturing Co., 46 App. D. C. 146, 147, this court held that "Velvetina" and "Velvelite," as trade-marks for face powder, were confusingly similar, and spoke as follows:

"In this sort of a case, little aid is to be secured from the decisions of the courts in similar cases. The decision, after all, must be based largely upon the impression conveyed to the mind of the court as to the probable result of the use of these marks upon the same kind of goods. That it would be likely to lead to confusion we have no doubt. But, if a doubt existed, it should be resolved for the protection of the public, in whose interest the prohibition of the statute as to the registration of trade-marks likely to create confusion in trade was enacted."

[2] We are equally confident that the goods in question, as shown by certain of the exhibits, are of the same descriptive properties, and that the purchasing public, seeing them sold under the same mark, would naturally believe that they had the same commercial origin in point of manufacture or marketing. E-Z Waist Co. v. Reliance Manufacturing Co., 52 App. D. C. 291, 286 F. 461; Oppenheim, Oberndorf & Co., Inc., v. President Suspender Co., 55 App. D. C. 147, 3 F.(2d) 88.

The decision of the Commissioner of Patents is accordingly affirmed.