BLISS, FABYAN & CO. v. AILEEN MILLS, Inc.

Circuit Court of Appeals, Fourth Circuit.
April 10, 1928.

No. 2683.

1. **Trade-marks and trade-names and unfair competition ⚖3(4½)—"Ripplette," as applied to cotton piece goods held incapable of appropriation as valid trade-mark (Federal Trade-Mark Act [15 USCA § 85]).**

Word "Ripplette," as applied to cotton piece goods, held, although somewhat arbitrary in spelling, nevertheless so descriptive of appearance of goods as to be incapable of appropriation as a valid trade-mark, either under the Federal Trade-Mark Act (15 USCA § 85), or at common law.

2. **Trade-marks and trade-names and unfair competition ⚖70(3)—Use of word "Krinklette" on cotton piece goods, without effort to palm off goods as competitor's using word "Ripplette," held not unfair competition.**

Use of word "Krinklette" for cotton piece goods, with no active effort to palm off goods as those of competitor using name "Ripplette" for same goods, held not to constitute unfair competition.

3. **Trade-marks and trade-names and unfair competition ⚖70(3)—Manufacturer has no right to exclusive use of descriptive word in connection with his goods.**

Manufacturer has no right to exclusive use of a descriptive word in connection with his goods, and, if nevertheless he adopts such a trade-mark, he himself is largely to blame for ensuing confusion by adoption of similar terms by other manufacturers.

Appeal from the District Court of the United States for the Western District of North Carolina, at Charlotte; Edwin Y. Webb, Judge.

Suit by Bliss, Fabyan & Co., a copartnership composed of Cornelius N. Bliss, Jr. and others, against the Aileen Mills Incorporated. Decree of dismissal, and plaintiff appeals. Affirmed.

George P. Dike, of Boston, Mass. (York & Boyd, of Greensboro, N. C., and Macleod, Calver, Copeland & Dike, of Boston, Mass., on the brief), for appellant.

Walter Clark, of Charlotte, N. C., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

SOPER, District Judge. Bliss, Fabyan & Co., a copartnership doing business in Boston and New York, all of whose members are citizens of New York or New Jersey, filed a bill of complaint in the United States District Court for the Western District of North Carolina, against Aileen Mills, Incorporated, a North Carolina corporation. The bill charges infringement of the trade-mark "Ripplette" for cotton piece goods, registered by the plaintiffs (now appellants), in the United States Patent Office June 28, 1910, and also infringement of plaintiffs' rights at common law in the word "Ripplette" as a trade-mark for cotton piece goods and bedspreads. The charge of infringement is based upon the use by the defendant corporation of the word "Krinklette" in connection with similar goods, and it is alleged that thereby the corporation was not only guilty of infringing the plaintiffs' trade-mark, but also of unfair competition. A sufficient

jurisdictional amount is alleged and proved to sustain the jurisdiction of the court irrespective of the plaintiffs' rights in their trade-mark under the federal law. The bill prays an injunction against the defendant to prohibit it from selling its goods under the name "Krinklette" or from selling any goods so marked as to be calculated to deceive the public, and also prays for an accounting for profits realized from the alleged infringement.

The plaintiffs have been engaged for many years in the business of selling cotton piece goods, including bedspreads, and have built up a large trade in the United States and in foreign countries. They adopted the word "Ripplette" as a trade-mark for crinkley seersuckers on or about January 1, 1910, and have since continuously used it. They act as commission agents for a number of mills which are guided in the style and quantity of the fabric produced by the advice and instructions of the plaintiffs. The general business in Ripplette goods manufactured by the mills and sold by the plaintiffs to jobbing houses throughout the United States is very large. The Riplette label goes with the goods into the hands of the consumer, and a good deal of advertising has been done by the plaintiffs in order to make the name on the goods well known to the public. The peculiar characteristics of the fabric, as it appears in such an article as a bedspread, is a ripple woven into it in puckered or crinkled stripes, separated from each other by stripes of flat woven material. It was conceded by the defendant that it manufactures and distributes goods of similar character and appearance under the trade-mark "Krinklette."

The bill of complaint was dismissed by the District Court on the ground that the word "Krinklette" as used by the defendant, is not an infringement of any statutory or common-law right which the plaintiffs may have in the word "Ripplette," and on the further ground that unfair competition had not been shown. We think that this decision was correct. It is not necessary to base it upon any distinction or lack of resemblance in the appearance of the two words in question. As a matter of fact, each word clearly relates to the appearance of the goods, and is designed to direct the attention of the public to the wave like ripple in the manufactured material. If the plaintiffs had acquired a valid trade-mark in the word "Ripplette," there would be much ground for the claim that the word "Krinklette" is so similar that its use constitutes an infringement.

There are many well-considered cases in which trade-marks have been held to be infringed by words different in appearance and spelling to some extent, but yet sufficiently similar in meaning as to tend to confuse the buying public. For instance, Coca-Cola is infringed by Taka Cola; Kiddie Koop by Kumfy Krib; Shipmate by Messmate. See Coca-Cola Co. v. Old Dominion Beverage Corp (C. C. A.) 271 F. 600; Trimble v. Woodstock Mfg. Co. (D. C.) 297 F. 524; Wonder Mfg. Co. v. Block (C. C. A.) 249 F. 748; Daniel O'Donnell, Inc., v. Riscal Mfg. Co. (D. C.) 228 F. 127, 130; Stamford Foundry Co. v. Thatcher Furnace Co. (D. C.) 200 F. 324; Best Foods Co. v. Hemphill Packing Co. (D. C.) 5 F. (2d) 355.

[1] The difficulty with the plaintiffs' case is that the word "Ripplette," although somewhat arbitrary in spelling, is nevertheless so descriptive of the appearance of the goods as to be incapable of appropriation as a valid trade-mark, either under the Federal Trade-Mark Act, 33 Stat. 725 (15 USCA § 85), or at common law. The Century Dictionary defines the word "ripple" amongst other things as a little curling wave, an undulation; and the word "ripplet" as a small ripple. Obviously the trade-mark "Ripplette," adopted by the plaintiff, is but a modification or corruption of an authentic word in ordinary discourse. Indeed the production manager of the Boston office of the plaintiffs, in answer to a question of the learned District Judge, stated that the goods were given the name "Ripplette" because of the ripple woven in the fabric. Doubtless it would be more correct grammatically to use the adjective "ripply" to describe the appearance of the material. But neither the arbitrary and intentional use of the noun, nor the misspelling of the word, can alter or disguise the fact that the trade-mark was adopted because it is descriptive of an outstanding characteristic of the merchandise. The Supreme Court in Standard Paint Co. v. Trinidad Asph. Co., 220 U. S. 446, 31 S. Ct. 456, 55 L. Ed. 536, held that the word "Ruberoid," although a misspelling of "Rubberoid," is a descriptive word, meaning like rubber, and cannot therefore be appropriated as a trade-mark for roofing. We see no substantial distinction between that case and this, and we therefore hold that the plaintiff's trade-mark is invalid. See the useful note on the use of descriptive words as trade-marks in L. R. A. 1918A, 961. The decisions of the Commissioner of Patents in Bliss, Fabyan & Co. v. Nigel, Inc., 15 Trade-Mark

Rep. 268, and of the Commissioner and of the Court of Appeals of the District of Columbia in Bliss, Fabyan & Co. v. Haas Bros. Fabrics Corporation, 15 Trade-Mark Rep. 271, Id., (App. D. C.) 16 F.(2d) 540, wherein the validity of the trade-mark "Ripplette" was sustained, have been considered, but under the circumstances we are unable to follow them.

[2, 3] Nor do we think that the plaintiffs have made out a case of unfair competition, even though it be assumed, as the plaintiffs claim, that the name "Ripplette" has been so long and exclusively identified with their goods as to have acquired a secondary meaning, indicating their goods alone. There is no evidence of active effort on the part of the defendant to palm off its goods as those of the plaintiffs such as justified a finding of unfair competition, notwithstanding the invalidity of the trade-mark of the plaintiffs, in such cases as Barton v. Rex-Oil (C. C. A.) 2 F.(2d) 402, and Warner & Co. v. Lilly & Co., 265 U. S. 526, 44 S. Ct. 615, 68 L. Ed. 1161. Indeed it is conceded that the plaintiffs' case at bar must stand or fall in this respect upon the similarity of the defendant's label with that of the plaintiffs, as used upon striped material of like colors and design. Each party prints its name upon its label. Aside from the use of the respective trade-marks, "Ripplette" and "Krinklette," the labels are similar in some respects. Each is of a blue color, although the Krinklette label is lighter in shade. In their outside dimensions and shape the labels are dissimilar, but each contains at or near the center, under the trade-mark, an oval figure on a white background. Within this oval in the plaintiffs' label appears again the word "Ripplette," and beneath it the word "Bedspread." In the defendant's label a bed covered with a spread is seen within the oval, and beneath it the words "Seamless Spreads" are placed. We do not think that these resemblances are sufficient of themselves to sustain the charge of unfair competition. Such possibility of confusion in the mind of the public as exists depends in our opinion upon the use of the two similar descriptive marks. If these were eliminated, we think there would be no likelihood of mistake. But there can be no doubt, as has been shown, of the right of the defendant to use the word "Krinklette," and this may not be restrained. To preclude its use because of its resemblance to the word "Ripplette" would give to that word "the full effect of a trade-mark, while denying its validity as such." See again Standard Paint Co. v. Trinidad Asph.

Co., 220 U. S. 461, 31 S. Ct. 456, 55 L. Ed. 536. It is settled, beyond all controversy, that a manufacturer has no right to the exclusive use of a descriptive word in connection with his goods, and if nevertheless he adopts such a trade-mark, he himself is largely to blame for the confusion which ensues when other manufacturers, with equal right, adopt similar terms to describe their products.

The decree of the District Court is affirmed.

Affirmed.