## In re DEFENDER MFG. CO., Inc.

Court of Appeals of District of Columbia.

Submitted May 14, 1928. Decided
June 4, 1928.

No. 2057.

Trade-marks and trade-names and unfair competition ⚫═⟹43—Word "Ironclad" on goods made of cotton textile fabric, being similar to word "Ironclad" on piece goods, held not subject to registration.

Trade-mark, consisting of word "Ironclad" for use on sheets, pillowcases, towels, and handkerchiefs, made in part at least of cotton textile fabric, being likely to lead to confusion to prejudice of prior registrant, using word "Ironclad" on cotton cloth piece goods, *held* not subject to registration.

Appeal from the Commissioner of Patents.

Application by the Defender Manufacturing Company, Inc., for registration of trademark. From a decision of the Commissioner, affirming a decision of the Examiner, refusing to register the trade-mark, the applicant appeals. Affirmed.

C. M. Chapman, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, affirming a decision of the Examiner, refusing to register appellant's trademark, consisting of the word "Ironclad," for use on sheets, pillowcases, towels, and handkerchiefs, made in part at least of cotton textile fabric. The refusal was based upon a prior registration by the Franklin Manufacturing Company of the same notation, to wit, "Ironclad," for use on cotton cloth piece goods. It is held by the Commissioner that the marks in question are practically identical, that the goods of the respective parties possessed the same descriptive properties, and that the proposed registration would be likely to lead to confusion in the trade.

It is noted by the Commissioner that the lettering of the competing marks is slightly different, but that the difference is not sufficiently distinctive to impress the memory of the average purchaser of such goods. It is stated by the Commissioner that many housewives purchase in the piece material for sheets, pillowcases, and towels, and make up these articles in their homes, and that the use of the same mark upon the piece goods and the finished articles would quite certainly lead such buyers to conclude that both kinds of goods had the same origin. It is also argued by counsel for the Commissioner that the owner of a prior trade-mark should not be hampered or embarrassed in the legitimate extension of his business by the registration of the same mark to another, and that, if there is any reasonable doubt upon the subject, the doubt should be resolved against the newcomer, citing E-Z Waist Co. v. Reliance Mfg. Co., 52 App. D. C. 291, 286 F. 461.

We think that the Commissioner's ruling is correct. The marks are substantially identical, the goods possess the same descriptive properties, and the registration of applicant's mark would likely lead to confusion to the prejudice of the prior registrant and the public. Kushner & Gillman, Inc., v. Mayflower Worsted Co., 56 App. D. C. 165, 11 F.(2d) 462; H. Wolf & Sons v. Lord & Taylor, 41 App. D. C. 514.

The decision of the Commissioner of Patents is affirmed.