## CLUETT, PEABODY & CO., Inc., v. SPETALNIK.

### No. 8465.

District Court, E. D. New York.
March 25, 1938.

174

Cooper, Kerr & Dunham, of New York City (Robert L. Thompson, of Boston, Mass., of counsel), for plaintiff.

No appearance for defendant.

CAMPBELL, District Judge.

This is a motion made by the plaintiff for a preliminary injunction restraining and enjoining defendant, Max Spetalnik, his agents, servants, and attorneys, and all others acting by or under his direction or authority, from selling, offering, exposing or advertising for sale, or causing to be sold, offered, exposed or advertised for sale, any articles of apparel or men's furnishings not made by the plaintiff bearing a trademark or trade name consisting of or including the word "Arrow", or any other trademark or trade name so similar to plaintiff's "Arrow" trademark as to be likely to deceive the public into the purchase of defendant's goods for those of the plaintiff, and from conducting or carrying on the business of manufacture and/or sale of articles of apparel or men's furnishings under the trade name or style "Arrow Suspender Company" or under any other trade name or style consisting of, comprising or containing the word "Arrow" or any similar name of any variation thereof so closely similar in sound or appearance to plaintiff's "Arrow" trademark, as to be likely to lead to uncertainty or confusion in the use thereof.

This motion came on to be heard on March 23rd, 1938, and no one appeared in opposition and no affidavits in opposition were presented or offered.

Likewise no answer had been served to the complaint herein.

The moving papers show that plaintiff is the owner of several United States trademark registrations containing the word "Arrow" and that all of its' products are sold under a trademark consisting of the word "Arrow".

That plaintiff and its predecessors in business have continuously used said "Arrow" trademark upon collars, since 1885, outer shirts since May 1st, 1906, handkerchiefs since April 20th, 1909, underwear since July 1st, 1913, and neckties since April 29th, 1921.

That on November 4th, 1926, plaintiff commenced the manufacture and sale of belts for outer wear and it manufactured and sold large quantities thereof, on which it used the said "Arrow" trademark, and that although it has temporarily discontinued the manufacture and sale of belts it will resume the use of the "Arrow" trade mark upon belts as soon as it resumes the manufacture and sale thereof.

That plaintiff has spent large sums in advertising its said "Arrow" trademarks, and plaintiff's products and even the plaintiff is known by the name "Arrow".

That defendant is selling suspenders, garters and belts.

That the suspenders are sold in boxes on the front of which Exhibits 15 and 18 is the notation "Braces Customized by Arrow", the word Arrow being in much larger type than any other word on the box. The box on the rear contains a prominent display of the notation "Arrow Braces" and also a notation "Arrow Suspender Co. —Brooklyn New York" no street address is given on the box.

Defendant does not manufacture his "Arrow" suspenders or garters, he has no place of business but operates solely from his home and does not even have a telephone number.

The allegations of the moving papers not being denied, for the purposes of this motion they must be accepted as true.

The facts alleged show infringement, and unfair competition. Oppenheim, Oberndorf & Co., Inc., v. President Suspender Co., 55 App.D.C. 147, 3 F.2d 88; Cluett, Peabody & Co., Inc., v. Wright, Cust. & Pat.App., 46 F.2d 711; Rosenberg Bros. & Co. v. Elliott, 3 Cir., 7 F.2d 962; In re Keller, Heumann & Thompson Co., Inc., Cust. & Pat.App., 81 F.2d 399; Jacob Ruppert v. Knickerbocker Food Specialty Co., Inc., D.C., 295 F. 381; Rice & Hutchins, Inc., v. Vera Shoe Co., Inc., 2 Cir., 290 F. 124; Alfred Dunhill of London, Inc., v. Dunhill Shirt Shop, Inc., D.C., 3 F.Supp. 487 and Great Atlantic & Pacific Tea Co. v. A. & P. Radio Stores, Inc., D.C., 20 F.Supp. 703.

The acts of the defendant will cause the plaintiff irreparable damage unless restrained.

The motion of the plaintiff for a preliminary injunction will be granted during

the pendency of this action, upon the plaintiff giving a bond in the sum of one thousand dollars, to be approved by the Court.