The **ALLIGATOR COMPANY**

v.

Carlo C. CIAROCHI, trading as Style Belt Co., and Styl Crest, Inc.

No. 13506.

United States District Court
E. D. Pennsylvania.

June 19, 1956.

John D. Myers, Philadelphia, Pa., Zabel Baker York Jones and Dithmar and Bayard Jones, Chicago, Ill., for plaintiff.

No counsel for defendant.

LORD, District Judge.

This is an action for trade-mark infringement and unfair competition. Plaintiff requests that defendants be enjoined from using the name Styligator on the grounds that Styligator is an infringement of plaintiff's trade-mark and trade name Alligator.

Plaintiff, for some years, has manufactured numerous items of clothing which have been treated so as to be water-resistant. One of the important products it now makes is a topcoat which is treated so as to be water-repellent.

There are two defendants. One is Carlo C. Ciarochi, trading as Style Belt Co. The other is Styl Crest, Inc., a Pennsylvania corporation. Styl Crest was a successor in business to Ciarochi, but is now bankrupt.

Defendants have used the designation Styligator as a trade-mark in connection with the manufacture and sale of belts and accessories.

After Styl Crest succeeded Ciarochi in business, it adopted a new trade-mark which comprised a crest containing several figures as letters, one of which constitutes the representation of an alligator.

The merchandise of both plaintiff (coats and rainwear) and defendants (belts and accessories) is distributed through the same channels of trade, and to the same class of purchasers.

The Court, after trial, examination of the pleadings, and consideration of briefs, makes the following

### Findings of Fact.

1. Plaintiff, the Alligator Company, is a Delaware corporation.

2. Defendant, Carlo C. Ciarochi, is a citizen and resident of Pennsylvania, with a regular and established place of business at 1214 Arch Street, Philadelphia 7, Pa.

3. Defendant, Styl Crest, Inc., at the time this action was instituted, was a Pennsylvania corporation.

4. Plaintiff adopted the trade-mark Alligator in 1908, and has continuously used the same since that date.

5. The trade-mark Alligator has been used by plaintiff on apparel, such as coats and rainwear for both men and women. The mark is applied to the goods by a label sewn into the garment.

6. The trade-mark Alligator has been widely advertised by plaintiff and by its dealers throughout the United States.

7. By virtue of extensive advertising and promotional efforts on the part of plaintiff, the trade-mark Alligator is a nationally known trade-mark and brand name.

8. The trade-mark Alligator symbolizes an exceedingly valuable good will.

9. The trade-mark Alligator Brand plus a pictorial representation of an alligator was registered in the United

States Patent Office on September 29, 1909, No. 75,365.

10. The trade-mark Alligator was registered by plaintiff for various items of apparel in the United States Patent Office on January 1, 1929, No. 251,201.

11. Both defendants have used the designation Styligator as a trade-mark in connection with the manufacture and sale of belts and accessories in interstate commerce. The term "accessories" includes wallets, key cases, cuff links, tie clips, and similar items.

12. The merchandise of the parties, coats and rainwear by plaintiff, and belts and accessories by defendants, are distributed through the same channels of trade, and to the same class of purchasers. The evidence shows that coats and rainwear on the one hand, and belts and accessories on the other, are sometimes displayed within a few feet of each other in retailing establishments, and that sometimes they are both referred to by a retailer in the same advertisement.

13. The merchandise sold by the parties falls into the same general class of merchandise described as men's wear.

14. The mark Styligator is confusingly similar to the mark Alligator in appearance, in sound, and in suggestion.

15. The word "Alligator" has been incorporated as the dominant word in plaintiff's corporate name, "The Alligator Company", and this usage commenced prior to January 1, 1929, as indicated by the corporate name on Registration No. 251,201.

16. The various magazine advertisements of plaintiff, which prominently display the word "Alligator", indicate usage thereof as a business name or trade name.

17. Certain of the circulars of the defendants give greater prominence to the designation Styligator than they do to the trade style, Style Belt Co., or to the corporate name Styl Crest, Inc.

18. By reason of the similarity of the designation Styligator, as used by defendants, to plaintiff's name Alligator, and by reason of the general similarity in the nature of the businesses conducted by the respective parties, there is likelihood of confusion of identity in the mind of the public as between plaintiff and defendants.

19. Defendants admit having adopted a certain crest which contains a pictorial representation of an alligator, in conjunction with other elements.

20. This crest has been used in the advertising and sale of Styl Crest's goods generally.

21. The slogan, admitted in the answer, shows that defendants have used the designation Styligator along with the word "Alligator", and in some instances have given much greater prominence to the word "Alligator" than to the designation Styligator.

22. Defendant, Ciarochi, is a vice-president of the corporation, Styl Crest, Inc.

23. Styl Crest, Inc. is admittedly the successor in business to Carlo C. Ciarochi.

24. Subsequent to the institution of this action, Styl Crest, Inc., was adjudged a bankrupt.

25. In its schedule of assets filed with the bankruptcy proceedings, the trademark Styligator is listed as an asset of "no value".

26. In the petition for order of confirmation of sale, the list of assets to be sold specifically lists items of physical equipment and of inventory, but not the trade-mark Styligator.

### Discussion.

The principal question in this case is whether the use of the word "Styligator", and the crest, is confusingly similar to the mark "Alligator".

In the case of Sears, Roebuck & Co. v. Johnson, 3 Cir., 1955, 219 F.2d 590 at page 592, the court said:

"* * * The Restatement of the Law of Torts, Sec. 729 (1938), sets forth the generally accepted factors to be considered in determining whether a particular designation

is confusingly similar to another's trade name:

" '(a) the degree of similarity between the designation and the trademark or trade name in

" '(i) appearance;

" '(ii) pronounciation of the words used;

" '(iii) verbal translation of the pictures or designs involved;

" '(iv) suggestion;

" '(b) the intent of the actor in adopting the designation;

" '(c) the relation in use and manner of marketing between the goods or services marketed by the actor and those marketed by the other;

" '(d) the degree of care likely to be exercised by purchasers.' "

In regard to the similarity of the names here involved, they are of similar length. The last seven letters of each mark are identical. When they are compared, one above the other, the substantial identity is striking.

Both marks comprise four syllables, the last three of which are identical in sound. In Van Pelt & Brown, Inc. v. John Wyeth & Brother, Inc., 1947, 161 F.2d 244, 34 C.C.P.A., Patents, 1033, the United States Court of Customs and Patent Appeals was impressed by the identity of cadence, and held two marks to be confusingly similar. The court said in 161 F.2d at page 246:

"It is true that visually the marks 'Vanogel' and 'Amphojel' are readily distinguishable. They both, however, have the same number of syllables, the suffix of each is pronounced the same, when spoken both have the same cadence and have a very little distinguishable difference in sound."

Plaintiff applies its trade-mark to rainwear, including belted models, whereas defendants apply their trade-mark to belts, wallets and other accessories. In Oppenheim, Oberndorf & Co. v. President Suspender Co., 1925, 55 App.D.C. 147, 3 F.2d 88, at page 89, the court commented as follows:

"It fairly appears from the present record, as well as from common knowledge, that suspenders and men's shirts and underwear are alike embraced within the class of men's furnishings. They are frequently manufactured by the same companies, are sold together under the same trade-mark to jobbers, who in turn sell them to the same class of retail merchants, by whom they are vended by the same clerks in the same trade to the same general class of customers. The articles have become associated together in popular understanding, and are generally regarded as merchandise of the same class. * * * "

This Court in considering all of the evidence in the case is of the opinion that the use of defendants' name is likely to create confusion in the mind of the public.

Upon the foregoing Findings of Fact and Discussion, the Court makes the following

Conclusions of Law.

■ 1. This Court has jurisdiction of the subject matter and of all the parties to this litigation.

■ 2. Plaintiff's interest in its trade-mark and trade name Alligator is "protected" with respect to the goods and the business in connection with which defendants use the designation Styligator, and with respect to the markets in which defendants use such designation, within the meaning of Section 717 of The Restatement of the Law of Torts.

■ 3. The relationship between the goods of the parties falls within the prohibition of Section 32 of the Trade-Mark Act, Title 15, Section 1114 of the United States Code Annotated: namely, the relationship is such that the use by defendants of the mark Styligator in connection with the sale and advertising of its goods is likely to cause confusion

or mistake, or to deceive purchasers as to the source of origin of such goods.

4. Plaintiff is the owner of the trademark Alligator.

5. The trade-mark Styligator, as used by the defendants on belts and accessories, is an infringement of plaintiff's common law and statutory rights in and to its trade-mark Alligator.

6. The use, by defendants, of the pictorial representation of an alligator in its crest is an infringement of plaintiff's common law and statutory rights in and to its trade-mark Alligator.

7. The use, by defendants, of the designation Styligator in the manner of a trade style is likely to produce confusion of identity, and constitutes unfair competition.

8. The use in this line of business, by the defendants, of the designation Styligator in the manner shown, that is, in conjunction with the prominent and distinctive display of the word "Alligator" constitutes unfair competition.

9. Totally apart from any question of infringement, if any rights could have been acquired by defendant, Ciarochi, and his successor Styl Crest, Inc., in and to the trade-mark Styligator, such rights were abandoned and legally extinguished upon the admission by defendant Ciarochi, as an officer of the bankrupt corporation, that the trademark Styligator was of "no value", and upon the subsequent sale by the trustee in bankruptcy of the physical assets of the corporation, Styl Crest, Inc., apart from the good will of the business.

10. There shall be no accounting of profits, as an accounting is waived by plaintiff.

11. Plaintiff is entitled to an injunction permanently restraining the defendants from committing the acts complained of and any other acts set forth in the following

### Final Decree.

1. The defendants, their agents, servants, employees, privies, successors, and assigns, and all holding by, through or under said defendants, are perpetually enjoined and restrained:

(a) From using or displaying in connection with the advertising and sale of belts and accessories and other articles of apparel and adornment, the trademark Styligator, or any colorable modification thereof.

(b) From using or displaying in connection with the advertising and sale of belts and accessories and other articles of apparel and adornment, defendants' trade-mark or any other trade-mark incorporating a representation of an alligator.

(c) From using or displaying in connection with the advertising and sale of belts and accessories and other articles of apparel and adornment, the slogan "Quoth the Alligator, 'I'd Give My Life To Be A Styligator'", or any colorable modification thereof.

(d) From using or displaying in connection with the advertising and sale of belts and accessories and other articles of apparel and adornment, the statement: "Are you the Alligator accessory store in your community", or any colorable modification thereof.

(e) From otherwise infringing plaintiff's registered trade-mark Alligator and from otherwise unfairly competing with plaintiff.

2. All Court costs are hereby taxed against defendants.