### OMO MFG. CO. v. MYSTIC RUBBER CO.

(District Court, D. Massachusetts. June 9, 1914.)

#### No. 460.

TRADE-MARKS AND TRADE-NAMES ☞58—INFRINGEMENT—SIMILARITY IN APPEARANCE.

The trade-mark "oMo" for a dress shield *held* infringed by the mark "oMᴅ," used in the same place on the same class of goods; the distinctive feature of both being a large central M flanked by smaller letters, and defendant's mark as a whole having such a close resemblance to complainant's as to be likely to deceive purchasers.

[Ed. .Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 66, 67; Dec. Dig. ☞58.]

In Equity. Suit by the Omo Manufacturing Company against the Mystic Rubber Company. Decree for complainant.

Boyden, Palfrey, Bradlee & Twombly and Howland Twombly, all of Boston, Mass., and Archibald Cox and Robert W. Byerly, both of New York City, for plaintiff.

Clyde L. Rogers, of Boston, Mass., for defendant.

MORTON, District Judge. This is a suit to restrain infringement of the complainant's trade-mark oMo, which was registered in the United States Patent Office on April 2, 1895, No. 26313. No question is now raised as to the validity of this trade-mark, nor as to the complainant's ownership of it. The respondent has used to a limited extent, and intends to continue to use upon the same class of goods as that to which the complainant's mark is applied, viz., dress shields, the trade-mark DMD. The real question at issue between the parties is whether the respondent's mark resembles that of the complainant so closely as to constitute an infringement; i. e., so closely as to be likely to be mistaken for it by the ordinary purchaser of the goods.

The salient features of the complainant's mark are a large M flanked on either side by. small O's—oMo. The salient features of the respondent's mark are a large M, preceded by a small D, which

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

is made with the vertical part noticeably shorter than the curved part, so that it looks not unlike the letter o, and followed by another D in which the vertical part is decidedly longer than the curved portion, and which, considered separately, would not be likely to be mistaken for the letter O— OMD. The respondent's mark is applied to the same class of goods, in the same place, and in the same way as the complainant's. The surroundings of the two marks are different; but such differences, although they might be very important upon an issue of unfair competition, are relevant here only upon the question whether there was an intent on the part of the respondent to imitate the complainant's mark, a question which I do not find it necessary to decide. Walter Baker & Co., Ltd., v. Delapenha (C. C.) 160 Fed. 746, 749. The complainant plainly has a property right in its trade-mark, and is entitled to be protected against any imitations thereof, whether the imitation be put out naked or be clothed with accessories. Walter Baker & Co., Ltd., v. Puritan Pure Food Co. (C. C.) 139 Fed. 680; Bass & Co. v. Feigenspan (C. C.) 96 Fed. 206, 212.

The general principle upon which the respondent's mark is constructed is the same as that on which the complainant's is constructed, viz., a large central M flanked by two smaller letters. The first of these letters on the respondent's mark is of unusual shape, and so closely resembles the corresponding letter in the complainant's mark as to be easily mistaken therefor. The prominent central letter is the same in each. The general design of the complainant's trade-mark and two of the three elements of which it is composed are thus found in the defendant's.

It seems to me that the dissimilarity between the final D of the respondent's mark and the final o of the complainant's is not sufficient to overcome the strong resemblances in the other two elements of the marks, and in the marks as a whole, and I therefore find that the respondent's trade-mark does so closely resemble in appearance that of the complainant as to be likely to deceive the public and the trade, and to constitute an infringement of it.

Decree for the complainant.