**MOXIE CO. v. NOXIE KOLA CO. OF NEW YORK, Inc., et al.**

District Court, S. D. New York.
June 13, 1939.

168

Roberts, Cushman & Woodberry, of Boston, Mass. (Benjamin B. Avery, of New York City, of counsel), for plaintiff.

J. T. Basseches, of New York City, for defendants.

### LEIBELL, District Judge.

By this motion plaintiff seeks a preliminary injunction in a suit to enjoin infringement of plaintiff's registered trade mark "Moxie" and to restrain unfair competition by the defendants because of the use by them of the name "Noxie Kola" on a similar and competing product. Plaintiff also seeks to enjoin the use of the word "Noxie" by the defendants as a part of their corporate titles.

Plaintiff, The Moxie Company, is a Massachusetts corporation engaged in the manufacture and sale of a carbonated beverage and a syrup for making the same, under the registered trade mark "Moxie"

In connection with such manufacture and sale the plaintiff and its predecessors have made continuous and exclusive use in the United States of the name "Moxie" from the year 1885. The word "Moxie" was first registered in the United States Patent Office in 1885 under No. 12,565 and again in 1907 under number 62,295 by plaintiff's predecessors, the latter registration being renewed by the Patent Office in 1927. In 1924 the United States Patent Office also granted to plaintiff's predecessor trade mark No. 189,066 for the word "Moxie" in a slightly different style of type. The word "Moxie" is applied or affixed to plaintiff's bottles or receptacles by placing thereon a printed label on which the trade mark is shown. In 1927 plaintiff's predecessor sold and assigned to plaintiff its business and good will together with its trade mark "Moxie" and all its rights therein.

The affidavits and exhibits indicate that the "Moxie" trade mark has been for many years one of the best known trade marks for soft drinks in the United States. Since the year 1908 the gross receipts from the sale in this country of bottled "Moxie" and "Moxie" syrup have exceeded $35,000,000 and more than $6,000,000 has been spent in the same period to advertise the name "Moxie" and the product which it identifies. Plaintiff's beverage is sold at retail, principally at soda fountains and drug stores. It is ordered by both the retail dealers and the purchasing public by the name "Moxie". The name "Moxie" is accepted by the general public as the badge of the beverage of plaintiff's manufacture.

The defendant, Noxie Kola Company, Inc., is a Maryland corporation and the defendant, Noxie Kola Company of New York, Inc., is a New York corporation. Both have an established place of business in the Borough of Manhattan, City of New York, where the acts complained of are alleged to have been and are being carried on. It appears that both defendant corporations were incorporated in January of the present year. The defendants manufacture and sell in interstate commerce a carbonated beverage made from an extract of the Cola nut and leaves. Defendants claim the drink is made under an old recipe formerly the property of the Crystal Spring Bottling Works of Waterloo, Province of Quebec, Canada. It is stated that this beverage has been sold in Canada under the name "Noxie-Kola" since the year 1900.

Defendants' predecessor registered the name "Noxie Kola" in Canada on or about June 28, 1906 for "a certain beverage, a temperance drink—nerve tonic and blood purifier". Defendants acquired their interests in the Canadian drink and the Canadian trade mark "Noxie Kola" by virtue of a recent assignment bearing date the 4th day of February, 1939. The papers before me are barren of any claim that the beverage "Noxie Kola" was ever sold in the United States prior to the incorporation of the defendants in this country.

The governing personnel of both defendants were, prior to the year 1939, officers or employees of the Pepsi-Cola Company, another manufacturer of a carbonated beverage of the same general class as that of the plaintiff and defendants. By reason of their previous connections, these individuals were familiar with the various carbonated beverages of national reputation sold in the United States, as well as the trade names or trade marks under which they were merchandised. The words "Noxie Kola" are applied or affixed to defendants' bottles or receptacles by placing thereon a printed label prominently bearing the words "Noxie Kola". Like plaintiff's beverage, defendants' drink is sold at retail and is similar in appearance and taste to that of the plaintiff.

During the short period of their operation the defendants have circularized the soft drink trade advertising the advent of "Noxie Kola" in the United States. In all their advertisements, letter heads and labels, and on their bottles and caps the word "Noxie" is given a prominent place. For example upon their bottle label the defendants use the words "Noxie Kola", the word "Noxie" appearing above the word "Kola" and the words "Trade Mark" appearing beneath the word "Noxie". In one of their advertisements defendants refer to their syrup as "Noxie" alone and say "No mixing required. Noxie is a finished syrup ready for bottling". These are typical instances of the use of the word "Noxie" by the defendants in connection with the marketing of their beverage. In addition, the word "Noxie" is employed by the defendants as the first word of their corporate titles.

Plaintiff contends that the use of the words "Noxie" and "Noxie Kola" by the defendants upon their beverage and advertising material infringes plaintiff's registered trade mark "Moxie" and that the use of the word "Noxie" by the defendants constitutes unfair competition.

This Court has jurisdiction of the action. There is diversity of citizenship and a matter in controversy involving much more than $3,000. The registration of the word "Moxie" in the United States Patent Office also furnishes a ground for federal jurisdiction and such jurisdiction should be continued to determine the issue of unfair competition connected with the use by defendants of plaintiff's trade mark. 15 U.S.C.A. § 97; 28 U.S.C.A. § 41, par. 7; Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195.

Defendants in opposing this application for a preliminary injunction argue that it should not be granted because (1) defendants' assignors used the name "Noxie Kola" before plaintiff and its predecessors used the name "Moxie"; (2) that the names "Moxie" and "Noxie Kola" are totally dissimilar and could not possibly lead to confusion in the beverage trade so as to result in a diversion of profits from the plaintiff to the defendants; (3) the word "Moxie" is (a) descriptive, (b) is the name of an individual, Lieutenant Moxie, and (c) is geographic, the name of a Maine Lake.

As to prior use—the use of the words "Noxie Kola" upon which the defendants rely, is the use made of these words by the defendants' predecessor. Defendants' own use of the words dates only from January of this year at the earliest. The use of the words "Noxie Kola" by defendants' predecessor from 1900 was confined to the Dominion of Canada and probably only to the Province of Quebec. That the words "Noxie Kola" were never employed by the defendants' predecessor, or anyone else for that matter, in the United States until defendants adopted the name in January of this year, does not appear to be in dispute.

This is not an action by a foreign manufacturer who claims previous sales of his product in the United States under a foreign trade mark and, as a result, the acquisition of certain rights in the name which make it unlawful for another to register in this country the same or a similar trade mark. The prior use of the words "Noxie Kola" in Canada by defendants' predecessor, who never sold his product under that name in this country, cannot be urged to protect the Canadian name in the United

States, when that name conflicts with a trade mark otherwise properly registered here and applied to and identifying a product of a similar class sold for many years in the United States. On the question of use therefore, the defendants must rely only upon their own use thereof in the United States for a period not exceeding five months, and that is of no avail in this case.

The Circuit Court of Appeals for the Second Circuit in Le Blume Import Co., Inc., v. Coty et al., 293 F. 344, discussed the effect, upon a United States trade mark, of prior use of the same or a similar mark in a foreign country by one who had not used the mark or sold his product in the United States. The Circuit Court, in this connection, said, 293 F. at page 350: "But the right of Coty to protect his trade-mark 'Lorigan' or his right to use 'L'Origan' upon his perfumes in the United States is not dependent upon whether he has any exclusive right to the trade-mark or to the trade-name in France. It cannot be denied that the protection of a trade-mark in the United States is not to be defeated by showing a prior use of a like trade-mark in France, or in some other foreign country. It is not essential that one who claims protection of his trade-mark should in all cases be able to show that he first used it. The prior use of a mark by another in some foreign country is not fatal, if the one claiming protection is able to show that he was first to use it in this country. Gorham Mfg. Co. v. Weintraub (D.C.), 196 F. 957; Walter Baker & Co. v. Delapenha (C.C.), 160 F. 746; Richter v. Reynolds [3 Cir.], 59 F. 577, 579, 8 C.C.A. 220; Richter v. Anchor Remedy Co. (C.C.), 52 F. 455, 458."

I pass now to the defendants' second point of opposition, namely that the words "Noxie" or "Noxie Kola" are not so similar in appearance or sound to plaintiff's trade mark "Moxie" as to justify a finding that confusion will result in the beverage trade and in the public mind from their concurrent use. Plaintiff and defendants are in the same type of business. Both sell a non-alcoholic, carbonated beverage of practically the same color and appearance. Both cater to exactly the same trade. Both sell the beverage of their manufacture in glass bottles upon which there are displayed their respective marks on labels affixed to such bottles. Both employ their names upon the bottle caps, the plaintiff "Moxie", the defendants, "Noxie Kola". Both claim their names to be trade

marked. Plaintiff's label bears the notation "Trade Mark. Reg. U. S. Pat. Office" directly under the word "Moxie". The defendants do not announce on their labels that their trade mark is of Canadian origin. They simply display the words "Noxie Kola", with the words "trade mark" under the word "Noxie". A person seeing the latter label would undoubtedly infer that the trade mark of the defendants was a duly registered United States trade mark. There is no reason why he should think otherwise.

However, it is urged that the plaintiff markets its product under the single word "Moxie", whereas the defendants market theirs under the double word "Noxie Kola". This defendants contend is difference enough. They say that the addition of the word "Kola" to the word "Noxie" eliminates the possibility of passing off their beverage as "Moxie", the beverage of the plaintiff. With this contention I cannot agree. "Kola" is a purely descriptive term. It signifies the Cola nut or an extract of it. There are any number of Kola drinks upon the market such as "Coca Cola", "Royal Crown Cola", "Pepsi Cola", "Cheri Cola", "Double Kola", "Nichol Kola", "Twin Cola", "Yankee Kola", "Lola Kola", "Lime Cola", "Cleo Cola", "Cana-dry Cola" and "Pop Kola". In all of these the distinguishing or identifying word is the first word. The only arbitrary or distinctive portion of "Noxie Kola" is the word "Noxie".

Defendants' own advertisements clearly show that the "Kola" portion of their mark is merely descriptive of the type of drink. In one of their advertisements defendants state "Today more five-cent kola drinks are sold in the United States than all other flavors combined". "Noxie Kola is a full-bodied, full strength kola drink with an abundance of delicious stimulating flavor. It gives great value to the consumer and an honest profit to the dealer and the bottlers. The truth of this statement will be discovered instantly by comparing Noxie Kola with every other kola drink on the market".

Is the word "Noxie" so similar to the word "Moxie" as to mislead purchasers of "Noxie Kola" into the belief that they are buying a drink of the plaintiff's manufacture? There is no difference between the two words except in the initial letter. The spelling is otherwise identical. There is practically no difference at all in sound.

The plaintiff's "M" is changed by the defendants to "N". No two letters in the English alphabet are more similar in sound or appearance than "M" and "N". Both are labials. From a distance the letter "N" might very easily be mistaken for an "M".

Why did the defendant corporations deem it necessary to their future success to use the word "Noxie" as the identifying mark of their product? Why do they insist upon the use of the word "Noxie" as a part of their corporate titles? Plaintiff's old and established product is known as "Moxie". Plaintiff's corporate title is "The Moxie Company". There is no legitimate reason why out of the myriad of names that might be applied to their product the defendants had to select one which looked the same, was practically spelled the same, and sounded the same as that used by a competitor established for a long time in exactly the same line of business in the United States. I am of the opinion that the defendants purchased the Canadian trade mark "Noxie Kola", adopted the name "Noxie" and applied it to their product, for the purpose of appropriating in this country some of the plaintiff's good will. If defendants had wanted only the formula or the recipe of the Canadian company, that could have been bought for use in the United States without the name "Noxie Kola". Defendants bought both. I am convinced that what they really wanted was the name "Noxie Kola" and their advertising so indicates. It must be remembered that this was done by people who were competing with the plaintiff and who because of their long association with the beverage business were in a position to know of the plaintiff's name and the trade mark under which plaintiff sold its product. Ramopa Co. v. A. Gastun & Co., Inc., D.C., 278 F. 557; Lambert Pharmacal Co. v. Bolton Chemical Corp., D.C., 219 F. 325.

In Moxie Nerve Food Co. v. Beach et al., 1888, C.C., 33 F. 248, plaintiff's predecessor sought to restrain the use of its trade mark and imitation of its labels, bottles and wrappers. It instituted eight suits against various defendants; all the cases were heard together on motions for a preliminary injunction. The court, in granting an injunction in each case, stated in a single filed opinion: "The registered trade-mark of complainant is simply the word 'Moxie'. * * * In two cases the defendants go so far as to adopt the name 'Noxie' in place of 'Moxie'. * * * I do not place this decision on the ground of infringement of the registered trademark in the word 'Moxie'; though that might be said of the two cases in which the defendants use the word 'Noxie'."

The word "Noxie" is so close an imitation of the word "Moxie", as not to permit of sincere argument in its defense. No reasonable explanation is suggested why the word "Noxie" need be used. The fact that the word "Noxie" may be known in Canada, especially in the Province of Quebec, did not make it of any real commercial value here, where it was not known at all. On the other hand the fact that "Moxie" is well known here lends strength to the claim that its good will is coveted. Ramopa Co. v. A. Gastun & Co., Inc., supra.

If plaintiff's trade mark "Moxie" is a valid trade mark, the conclusion is warranted that it has been infringed. LeBlume Import Company, Inc., v. Coty et al., 2 Cir., 293 F. 344; Gannert v. Rupert, 2 Cir., 127 F. 962; Bass, Ratcliff & Gretton v. Christian Feigenspan, C.C., 96 F. 206; Omo Manufacturing Company v. Mystic Rubber Co., D.C., 225 F. 92; Vogue Co. v. Brentano's, D.C., 261 F. 420; Lambert Pharmacal Co. v. Kalish Pharmacy, C.C., 219 F. 323; Stephano Bros., Inc., v. Stamatopoulos et al., 2 Cir., 238 F. 89, L.R.A. 1917C, 1157; Allen v. Walker & Gibson, D.C., 235 F. 230; Ramopa Co. v. A. Gastun & Co., D.C., 278 F. 557; Industrial Rayon Corp. v. Dutchess Underwear Corp., 2 Cir., 92 F.2d 33; Armstrong Paint & Varnish Works v. Nu-Enamel Co., 305 U. S. 315, 59 S.Ct. 191, 83 L.Ed. 195. Such infringement results from either the use by the defendants of the word "Noxie" alone, or from the use of the word "Noxie" in conjunction with the word "Kola".

I shall now consider defendants' claim that the word "Moxie" is descriptive and should therefore have been denied registration. The general rule is that a word which is descriptive of the article upon which it is used, of its ingredients, qualities or characteristics cannot be employed as a trade mark. Delaware & H. Canal Co. v. Clark, 13 Wall. 311, 323, 20 L.Ed. 581, 583. Defendants refer the court to the original trade mark No. 12,565, registered by plaintiff's predecessor in the United States Patent Office in the year 1885. This mark was apparently not renewed.

It appears to be a label, on the left hand side of which is pictured a woman carrying a bundle of flax, wheat, grain, or some other product of the field. To the right of this picture appear the words "Moxie Nerve Food, Has not a drop of Medicine, Poison, Stimulant or Alcohol in its composition, But is a simple starchy plant grown in South America" etc. Defendants contend therefore that the word "Moxie" is a descriptive term, descriptive of "a simple starchy plant grown in South America".

Certainly the word "Moxie" is not a word in general or common use in this country, except insofar as it has been made known by application to plaintiff's beverage. To the man in the street the word "Moxie" does not mean "a simple starchy plant grown in South America"—it means the beverage of The Moxie Company. A search of several standard dictionaries does not reveal the word "Moxie" at all. Obviously it forms no part of the English language. Being unknown to our tongue it cannot of itself be said to be descriptive of anything. In my opinion the word "Moxie" is an arbitrary and fanciful term which plaintiff's predecessor undoubtedly applied in 1885 to a certain so called nerve food which he then put upon the market, one of the major elements of which was a simple starchy plant of unknown or unmentioned name grown in South America. This is the only fair and sensible construction to be placed upon the words quoted above and which appear in the old 1885 trade mark, for it was clearly a beverage to which the name "Moxie" was applied by plaintiff's predecessor and not to a plant.

Even assuming that the word "Moxie" is and was known to linguists or to scientists this would not be sufficient to defeat its registration and subsequent protection as a valid trade mark. In Le Blume Import Company, Inc., v. Coty et al., supra, the court said, 293 F. at page 358: "We do not at all question that words which are in general or common use and which are merely descriptive are publici juris and cannot be appropriated as a trade-mark. That is elementary law, which no one thinks of questioning. But we think that a word which is not in general or common use, and is unintelligible and non-descriptive to the general public, although it may be known to linguists and scientists, may properly be regarded as arbitrary and fanciful, and capable of being used as a trademark or a trade-name; * * *."

■ The further objection of the defendants to the original registration of the "Moxie" on the ground that it is the name of an individual or geographic in character, is under the facts of this case and the present state of the law without merit. Even assuming that the word "Moxie" was both geographic (the name of a Maine lake) and the name of an individual (Lieutenant Moxie) the papers before me clearly establish that the use of the mark by plaintiff and its predecessors was actual, exclusive and continuous since the year 1885. Because of that circumstance alone the mark "Moxie" was entitled to registration in 1907 and is now entitled to protection from infringement. 15 U.S.C.A. § 85. Thaddeus Davids Co. v. Davids Mfg. Co., 233 U.S. 461, 34 S.Ct. 648, 58 L.Ed. 1046, Ann. Cas.1915B, 322.

■ On the basis of the foregoing I conclude that plaintiff's trade mark "Moxie" is a valid trade mark. I have already indicated that such trade mark, if valid, has been infringed by defendants.

■■ The sole question remaining is that of unfair competition. Facts which support a suit for infringement and those which form the basis for unfair competition are substantially the same. Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315 at page 325, 59 S.Ct. 191, 83 L.Ed. 195. Where, as here, a clear case of infringement of trade mark is shown by a competitor's adoption of a similar name on a product of the same general class, unfair competition naturally results. This is especially so where the infringer employs the offending name as a part of its corporate title. Jacob Ruppert, Inc., v. Knickerbocker Food Specialty Co., D.C., 295 F. 381; Cluett Peabody & Co., Inc., v. Spetalnik, D.C., 29 F.Supp. 173; Rice & Hutchins v. Vera 'Shoe Co., Inc., 2 Cir., 290 F. 124; Alfred Dunhill of London, Inc., v. Dunhill Shirt Shop, Inc., D.C., 3 F.Supp. 487. Such is the situation at bar, as shown by the affidavits and exhibits filed in support of this motion.

Thus I have reached the conclusion that the defendants have infringed and are infringing upon plaintiff's registered trade mark, and have been and are unfairly competing with the plaintiff. A preliminary injunction will issue as prayed for in the

notice of motion herein, dated April 21, 1939.

 Plaintiff, through its attorneys, sent the defendants a formal notice on February 21, 1939, that defendants in using the name "Noxie Kola" were infringing plaintiff's trade mark and invading plaintiff's trade rights. Defendants disregarded this notice and went ahead with their preparations to put on the market a beverage product, similar to plaintiff's and bearing the trade name "Noxie Kola". Plaintiff filed its complaint and obtained an order to show cause on April 21, 1939. Defendants were served with these papers April 25, 1939. On that date defendants could have had no doubt about plaintiff's intention to enforce its rights and to seek an order of the Court to restrain defendants' use of the name "Noxie Kola".

On February 21, 1939, according to defendants' report to the Court, they had no finished "Noxie Kola" syrup on hand, but did have the equivalent of 47,107 gallons of simple syrup. On April 25, 1939, they had on hand 44,551 gallons of finished "Noxie Kola" syrup and 3100 gallons of simple syrup. There is a dispute as to whether the finished "Noxie Kola" syrup deteriorates rapidly. Defendants claim to have had on hand on May 22, 1939 approximately 100,000 gallons of "Noxie Kola" syrup valued at $75,000 and 25,625 gross ($4,100 value) "Noxie Kola" cork inserted crowns. The cork insert is claimed to be subject to shrinkage by drying. In view of defendants' deliberate and continuous infringement of plaintiff's trade mark and invasion of trade rights, of which they must have had knowledge because of the experience of their officers in the beverage field, and of which they were formally notified February 21, 1939, I have concluded that defendants' investment at the time of the argument of the motion on May 22nd should not be considered in fixing the amount of the bond plaintiff shall be required to file on the issuance of the preliminary injunction herein. Further, this preliminary injunction will not prevent defendants from disposing of the finished syrup and the simple syrup they now have on hand, using some other name than "Noxie Kola".

Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, I direct that the plaintiff, as a condition of the issuance of the preliminary injunction herein, shall give security in the total sum of twenty-five thousand ($25,000) dollars, for the payment of such costs and damages as may be incurred or suffered by either or both of the defendants, who may be found to have been wrongfully enjoined. The bond or undertaking shall be submitted for the approval of the Court on two days' notice to defendants.

Settle order on two days' notice; and in preparing the order, counsel will follow the directions contained in Rule 65(d) of the Federal Rules of Civil Procedure.