28 C.C.P.A.(Patents)

OLD MONK OLIVE OIL CO. v. SOUTH-
WESTERN COCA-COLA BOT-
TLING CO.

Patent Appeal No. 4468.

Court of Customs and Patent Appeals.
April 14, 1941.

Edward D. Jones, of Chicago, Ill., for appellant.

John J. Riley, of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Judge.

This is a trade-mark cancellation proceeding wherein appellant brings before us for review a decision of the Commissioner of Patents which reversed a decision of the Examiner of Trade-mark Interferences sustaining appellant's petition for cancellation of registration No. 183,211, issued on April 22, 1924, under the provisions of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq. The mark so registered consists of the words "Old Monk" applied, as stated in the application, to "Ginger Ale, Orange, Lemon, Lime, and Punch, All Being Nonalcoholic, Noncereal, Maltless Beverages Sold as Soft Drinks."

It appears that on April 13, 1938, appellant filed in the United States Patent Office an application for the registration of the words "Old Monk" applied to loganberry juice and grape juice. The application states that "The trade-mark has been continuously used and applied to said goods in applicant's business since 1913."

On May 6, 1938, this application was rejected by the examiner upon registration No. 183,211 above referred to. On April 6, 1939, further proceedings upon this application were suspended pending the outcome of appellant's said petition for cancellation of registration No. 183,211.

On June 10, 1938, appellant filed, under the provisions of section 13 of said Trade-Mark Act, 15 U.S.C.A. § 93, a petition for the cancellation of said registration No. 183,211, alleging that it deemed itself injured by said registration; that appellee's said registration had been cited by the examiner to appellant's application for registration above referred to; that appellee was not entitled to the use of the mark disclosed by said registration because, long prior to the date of first use claimed in said registration, appellant had commenced the use of the trade-mark consisting of the words "Old Monk" associated with the picture of an old monk, for loganberry juice and grape juice, and that on the filing date of appellee's said registration application, December 12, 1923, petitioner (appellant here) was making and had made exclusive sales of its said "Old Monk" loganberry juice and grape juice, and that since said date of December 12, 1923, petitioner has made extensive sales of its said juices, and has never abandoned its mark; that, by reason of the facts alleged, appellee's registration No. 183,211 is invalid under the confusion in trade clause of section 5 of said Trade-Mark Act, 15 U.S.C.A. § 85. Allegations were also made that appellee had abandoned its mark, and that the goods to which the respective marks are applied are of the same descriptive properties.

Appellee's answer, while not specifically denying appellant's general allegation of injury, did deny all of the specific allegations of fact set forth in appellant's petition.

That a petition for cancellation must allege facts upon which injury is predicated is well established. Model Brassiere Co., Inc. v. Bromley-Shepard Co., Inc., 49 F.2d 482, 18 C.C.P.A., Patents, 1294; McIlhenny's Son v. New Iberia Extract of Tobasco Pepper Company, Ltd., 30 App.D.C. 337.

Therefore, appellee having denied in its answer all of the allegations of fact in

appellant's petition, the burden was upon appellant to establish by competent evidence injury by the registration of the mark sought to be cancelled.

Appellee offered no evidence. Appellant moved under rule 157 of the Rules of Practice of the United States Patent Office to incorporate in the instant record the testimony taken and certain of the exhibits introduced in 1933 in a previous opposition proceeding between the same parties, involving the said mark of appellant and a mark of appellee consisting of the words "Old Monk."

This motion was granted over the objection of appellee that the evidence referred to in the motion was incompetent, and not properly subject to motion under rule 157.

Appellant also gave notice that, at the final hearing of the cause, it would use as evidence an official copy of said application of appellant to register the trade-mark "Old Monk" in Class 45, Beverages, non-alcoholic, Serial No. 405,218, filed April 13, 1938, and then pending in the Patent Office.

This notice was treated as a motion by the Examiner of Trade-mark Interferences and was granted over the objection of appellee that the subject of the notice is immaterial, irrelevant, and incompetent for the purposes of this proceeding. No other evidence was offered by appellant.

Before final hearing appellee moved to strike from the record all of the incorporated evidence from the opposition hereinbefore referred to as embracing an unrelated issue, and as incompetent because in "direct conflict with Rule 154 (a) * * *."

Also before final hearing, appellee moved that a decree pro confesso be entered upon the ground that no competent testimony had been introduced supporting the allegations of the petition for cancellation.

The Examiner of Interferences postponed to final hearing consideration of the motion to strike out the evidence in the opposition proceeding, and denied appellee's motion for a decree pro confesso upon the ground that such a decree is directed only against a respondent. Further, the Examiner of Interferences stated that, treating appellee's motion for a decree pro confesso as one to dismiss appellant's petition for cancellation, it was denied.

The decision of the Examiner of Interferences, following final hearing, denied appellee's motion to strike out the evidence incorporated from the opposition proceeding, and upon the merits of the controversy stated:

"The proofs here relied upon by the petitioner are deemed sufficient to establish its use of 'Old Monk,' the mark also disclosed in the registration here sought to be cancelled, in connection with goods possessing the same descriptive properties as the goods of the respondent and as of a date prior to December 12, 1923, the filing date of the application maturing into the registration of the respondent.

"Accordingly, the petition for cancellation is sustained and it is recommended that Registration No. 183,211, involved herein, be cancelled."

Upon appeal by appellee the commissioner reversed the decision of the Examiner of Interferences. He stated in part in his decision as follows:

"The only evidence in the record is the testimony taken in an opposition proceeding between the same parties, which, for various reasons, respondent's counsel insist was improperly received and should have been stricken.

*     *     *     *     *     *

"I am clearly of the opinion that much of the testimony taken in the opposition proceeding was relevant and material in the instant proceeding, and that there was no impropriety in the granting of petitioner's motion that it be received, nor in denying respondent's motion to strike. It does not necessarily follow, however, that such testimony constitutes proof that petitioner is injured by the registration sought to be canceled. I think it does prove, as held by the examiner, that petitioner had used the mark in question 'in connection with goods possessing the same descriptive properties as the goods of the respondent and as of a date prior to December 12, 1923, the filing date of the application maturing into the registration of the respondent.' But that is not sufficient.

*     *     *     *     *     *

"The petition was filed June 10, 1938. Petitioner's testimony in the opposition proceeding was taken June 19, 1933. I find no reference therein to petitioner's use of the mark on grape juice; but it does appear that petitioner was then using the mark on loganberry juice, and had so used it since 1915. As loganberry juice unquestionably is of the same descriptive properties as the goods set forth in the registration, it follows that if such use by petitioner may be presumed to have continued, petitioner

has shown itself to be injured within the meaning of the statute, and the registration should be canceled."

The commissioner then held that such presumption was not warranted and that appellant, in order to succeed, must have alleged and proved that it was using such mark at or about the time its petition was filed.

In support of this holding he cited our decision in the case of Model Brassiere Co., Inc. v. Bromley-Shepard Co., Inc., supra, and the case of Skene v. Marinello Co., 50 App.D.C. 265, 270 F. 701.

The commissioner concluded his decision as follows:

"In the instant proceeding there is no evidence that petitioner had used its mark, upon any goods pleaded in the petition, for a period of five years immediately preceding the filing of the petition. To say that it used the mark upon such goods throughout that five-year period would be pure speculation. The burden was upon petitioner to prove its case as alleged, and in my opinion it has failed to discharge that burden.

"For the reasons stated the decision of the examiner of interferences is reversed."

Both of the Patent Office tribunals having held that appellant was the prior user of the trade-mark "Old Monk" upon goods of the same descriptive properties as the goods to which appellee applied its registered mark "Old Monk," with which holding we are in agreement, the only question before us is whether the commissioner erred in holding that appellant had not established injury by appellee's registration at the time of filing its application for cancellation of said registration.

Appellant contends:

1. That the commissioner erred in considering this question for the reason that appellee had not raised the question of injury before the Examiner of Interferences or in its assignments of error to the commissioner from the decision of the examiner.

2. That the record establishes that, at the time of filing its petition for cancellation, it was injured by the registration sought to be cancelled.

■ Upon the first question we are clear that the commissioner did not err in considering the question of injury to appellant. This question was squarely put in issue by appellee's answer to appellant's petition for cancellation in its denial of all the specific allegations of facts in said petition.

It is true that the Examiner of Interferences made no reference to this point in his decision, and that appellee's assignment of errors in its appeal to the commissioner does not specifically raise this question. However we have no doubt that the commissioner had the right to consider this question, it having been put in issue by the pleadings, irrespective of whether the question had been raised in appellee's appeal.

The record did not present a case of insufficiency of evidence, concerning which appellant has cited a number of cases; but, as held by the commissioner, a case of an entire absence of competent and material evidence. If the commissioner was correct as to this, then the question before him was one wholly of law, viz., whether it was necessary that appellant, in order to succeed, establish use of its trade-mark on or about the time its petition for cancellation was filed.

Inasmuch as this question stood at the very threshold of the proceeding, and was put in issue by the pleadings, we are of the opinion that the commissioner had the right to consider it, even though not specifically raised in appellee's appeal from the decision of the Examiner of Interferences.

■■ Where not restricted by statute, it is the general rule that a court may note and consider a plain error though unassigned. Mahler v. Eby, 264 U.S. 32, 44 S.Ct. 283, 68 L.Ed. 549. We find nothing in the statute or the rules of the Patent Office prohibiting the commissioner, in appeals under his jurisdiction, from noting and considering plain errors appearing from the record before him, although such errors are not assigned by the party taking an appeal.

■■ The next question is whether, in order for appellant to succeed, it was incumbent upon it to establish use of its trade-mark upon loganberry juice or grape juice on or about the filing date of its petition.

We are in agreement with the decision of the commissioner that this is necessary. We have so held in the case of Model Brassiere Co., Inc. v. Bromley-Shepard Co., Inc., supra [49 F.2d 485, 18 C.C.P.A., Patents, 1294]. We there stated: "It is clear to us that there is a distinction between the proof required to show the statutory authority to petition for cancellation and the injury or damage which would be resultant

from an invalid registration in a case where the petitioner claimed to be the owner of a valid trade-mark, and a case where he disputed the right of ownership in any one. In the former it is clear that he should show such facts as would show his ownership and use at the time the petition was filed. In that case it would be important for him to allege and prove that he was making a trade-mark use of the mark at the time of filing the petition, since, if he was not using it at that time, it would be possible that he had abandoned its use altogether."

It is true, as observed by appellant's counsel, that the language above quoted is to a great extent obiter dictum in that our discussion of the proof required to show the statutory authority to petition for cancellation of a registered trade-mark by one claiming to be the owner of a valid trade-mark was not necessary to our decision; and yet the question was whether there was a distinction between the proof required of a petitioner for cancellation claiming to own a valid trade-mark and the proof required of a petitioner who merely claimed the right to use a descriptive mark and disputed the right of ownership of such a mark in anyone. A majority of the court held that there was such distinction, and that the law in this regard relating to cancellation of technical trade-marks is not applicable to cancellation of descriptive marks. A minority of the court, while in full agreement with the views of the majority with reference to technical trade-marks, disagreed with the majority opinion upon other grounds.

In the case of Skene v. Marinello Co., supra, the Court of Appeals of the District of Columbia (now the United States Court of Appeals for the District of Columbia) held that proof by a petitioner for the cancellation of a registered mark that she was using the mark in 1917 was not satisfactory proof that she was doing so a year and a half later, and the court affirmed a decision of the commissioner denying the petition for cancellation for lack of proof establishing injury to the petitioner by the registration of the mark sought to be cancelled.

In the case of American Cyanamid Co. v. Synthetic Nitrogen Products Corp., 58 F. 2d 834, 835, 19 C.C.P.A., Patents, 1235, which involved a cancellation proceeding, after citing a number of cases we said: "It is true, as announced in some of these cases, that damage must be shown in cancellation proceedings. But there can be no doubt that damage is established by the proof in this case. The appellee was using its registered mark in interstate commerce at the time its petition for cancellation was filed. These are sufficient facts from which damage will be assumed."

There are also many decisions of the Commissioner of Patents holding that, in a cancellation proceeding involving a technical trade-mark, use by the petitioner of the mark on or about the time of filing his petition must be established.

There is no evidence in the record showing use by appellant of its mark at any time within five years immediately preceding the filing of its petition, unless petitioner's application for registration of its mark, filed April 13, 1938, is prima facie evidence of use of the mark by petitioner on or about that date, as contended for by appellant. That it would be such prima facie evidence in an opposition proceeding involving that application we have no doubt; but this is a cancellation proceeding, and appellant's application of April 13, 1938, is not here involved. Appellee was in no way a party to the ex parte proceedings involving that application.

Appellant has cited no cases supporting its contention, and we have found none. When the use of its mark by appellant at the time of filing its petition was put in issue by appellee's answer, the burden was upon appellant to establish such use by competent proof. To consider appellant's application for registration of April 13, 1938, as supplying such proof would deprive appellee of any opportunity to cross-examine appellant's representatives respecting the correctness of the recitals in said application. In our opinion said application stands in the same relation to this proceeding as would an ex parte affidavit on behalf of appellant, which obviously could not be properly considered over the objection of appellee. Appellee did object to the consideration of appellant's April 13, 1938, application as "immaterial and irrelevant to the controversy involved and * * · * entirely incompetent as evidence for the purposes of this proceeding." The notice of intention to use said application as evidence herein was filed by appellant under the provisions of rule 154 (e) of the Rules of Practice in the United States Patent Office, which provides: "Upon notice given to the opposite party before the closing of testimony, any official record, and any special matter contained in a printed publication,

if competent evidence and pertinent to the issue, may be used as evidence at the hearing."

The Examiner of Interferences overruled appellee's objection to the consideration of said application, stating that the application would be considered, subject to the provisions of said rule.

It would seem that neither the commissioner nor the Examiner of Interferences gave any consideration to said application, and it would appear from the decision of the Examiner of Interferences that appellant's said application was not relied upon by it for any purpose. The decision of the Examiner of Interferences states: "Petitioner here relies solely upon certain testimony taken in a prior proceeding, namely, Opposition No. 12206, involving the same parties. * * *"

The decision of the commissioner states: "The only evidence in the record is the testimony taken in an opposition proceeding between the same parties * * *."

It would, therefore, seem that appellant is making a contention on this appeal with respect to the evidentiary value of said application for registration that was not urged before the Examiner of Interferences on final hearing or before the commissioner.

We would further observe that no motion was made by appellant for reconsideration of the commissioner's decision.

 Appellant makes another contention, viz., that rejection of its 1938 application, upon appellee's registration here sought to be cancelled, is sufficient proof of injury to appellant by appellee's registration. That this would be true we have no doubt had appellant shown that it was using its mark as alleged in its petition on or about the time of the filing thereof; but in the absence of proper proof upon that subject the rejection of appellant's mark upon appellee's registration is immaterial.

But one question remains for consideration. It is appellant's contention that, the evidence having established that it was using its mark upon loganberry juice on April 13, 1933, the presumption is that such use continued until June 10, 1938, the filing date of appellant's petition for cancellation. Appellant has cited no authorities in support of this contention and we have found none.

It would have been easy for appellant to prove that it was using its mark at the time its petition for cancellation was filed, if such was the fact, and we are unable to understand its failure to do so.

In these days of rapidly changing conditions in the business world we think it would be very unsafe to indulge a presumption that one using a trade-mark on a certain date was also using it five years later, where the question of the later use is made an issue in the case.

It may be unfortunate for appellant to hold that it is not entitled to relief because of failure of proof of use of its mark at the time of filing its petition for cancellation; but under the rules of evidence, and in view of the issues made by the parties, we cannot do otherwise than find that the commissioner committed no error in holding that appellant's petition for cancellation should be denied.

In conclusion we would observe that no question of abandonment by appellant of its mark is here involved, but only the question of its use on or about the time of the filing of its petition for cancellation. If it was not using its mark at that time, it was not injured by the existence of appellee's registration.

For the reasons herein stated, the decision of the commissioner is affirmed.

Affirmed.